The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
Prior to the hearing before Deputy Commissioner Dollar, the parties agreed to enter into a Consent Order, which was approved on 5 December 1994. However, following the execution of the Consent Order, a dispute arose between the parties regarding renovations to be made to the plaintiff's home. Deputy Commissioner Dollar conducted a conference between the parties and a viewing of plaintiff's home on 31 July 1995, following which the parties were requested to obtain proposals for renovations to the Deputy Commissioner.
Defendants have submitted to the Full Commission a Motion for a New Hearing To Receive Additional Evidence, originally filed 6 July 1996 and renewed on 20 August 1996. After careful review, defendants have failed to show good ground in support of their Motion, and it is therefore, DENIED.
Also, after careful review, plaintiff has failed to show good ground in support of her Motion for Attorney's Fee's pursuant to G.S. 97-88 and it is therefore, DENIED.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the I.C. Form 21 Agreement for Compensation, which was approved by the commission on 26 February 1991, in the I.C. Form 26 Supplemental Agreements, which were approved by the Commission on 3 April 1991, and 21 June 1991, and in the Order by Consent, filed on 19 October 1993, in the Pre-Trial Agreement, filed on 24 October 1994, and in the Consent Order, approved on 5 December 1994, all of which are incorporated herein by reference as:
STIPULATIONS
1. The parties have agreed that the plaintiff is entitled to ongoing temporary total disability compensation and medical care, pursuant to the Order of Consent, approved on 19 October 1993.
2. The parties further stipulated that the defendant-employer will pay all outstanding medical bills, including outstanding balances to the Mayo Clinic, Carolina Psych Group, Iredell Memorial Hospital, and Dr. Benjamin Dunlap within thirty days of the 5 December 1994 approval of the Consent Order.
3. The parties stipulated in the 5 December 1994 Order that the issue for determination is the nature of the housing modifications necessary to make plaintiff's home handicapped accessible which should be paid by defendants. The employer submitted an estimate by Gibson Builders of Statesville, and the defendants were to submit an estimate.
4. Following the conference and walk — through on 31 July 1995, the parties agreed that the following issues for determination be decided by the undersigned:
 a. What repairs to the driveway and carport were reasonably necessary?
 b. What renovations to the carport entry to the residence were required?
 c. Whether the entry between the living room and kitchen should be relocated?
d. What renovations were necessary to the kitchen:
 e. What renovations were necessary to the bathroom?
 f. What renovations were necessary to the front door entrance and walkway?
 g. Whether the dryer hook-up which was paid for by the plaintiff should be returned to the basement at defendant's expenses?
 h. Whether an elevator or chair lift would be required to afford plaintiff access to the basement?
5. Also, the parties, by ways of a letter filed 20 August 1996, have agreed to stipulate into the record the report filed by J. Alves, Jr., a Fraud Investigator with the North Carolina Industrial Commission. Said report is dated 29 July 1996 and came from the investigation of alleged misrepresentation by plaintiff of the extent of her disability.
* * * * * * * * * * *
The Full Commission adopts the Findings of Fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff's counsel filed a Motion for Penalties due to the delay by defendants in paying the Mayo Clinic bill. Defendants initially received a billing statement from the Mayo Clinic; however, they were not provide with records to assess the charges due to instructions form plaintiff that her records not be released to the carrier. However, upon being advised of this problems staff at the Commission obtained a release of necessary information in order to allow the bills to be reviewed for approval of charges. Therefore, the delay in paying the bill is excused.
2. On or about 17 April 1995, plaintiff incurred expenses in amount of $660.41 to install a pedestal sink and a commode in a bedroom, due to the delay in renovations to the bathroom. Defendants have been ordered to reimburse the plaintiff for this expense.
3. The parties have agree do accept the bid for renovations which was prepared by C.R. Thomas Construction Company, Inc.
4. The basement area of plaintiff's home contains the breaker/fuse box, hot-water heater, water/sewer valves, and gas furnace access. It is necessary for plaintiff to have access to the basement in order to maintain the operation of the home. Plaintiff has further offered evidence from her psychologist that plaintiff could utilize her basement for craft activities thereby affording her an emotional outlet and healing through personal accomplishment. While use of the basement for hobbies for rehabilitation and recreational purpose is a persuasive argument, the undersigned is of the opinion that it is necessary for the plaintiff to have access to her basement in order to manipulate the furnace, hot water heater, water and sewer shutoff valves or the fuse/breaker box.
5. Plaintiff moved the washer-dryer connections to her kitchen upon moving into the home, as she did not have access to the basement. However, the drawing prepared by Mr. Thomas contemplates returning the washer-dryer connections to the basement.
6. Mr. Thomas has opined that the elevator is the only method which will allow plaintiff access to her basement.
7. The home contains an electric cook-top stove which Mr. Thomas has included in the center kitchen island. The plaintiff wishes to have a gas cook-top in her kitchen. However, the undersigned is not of the opinion that the defendants should be required to pay for the gas cook-top.
* * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff is entitled to have defendants provide the housing modifications as set forth in the proposal submitted by C. R. Thomas Construction Company, Inc.
2. Plaintiff is entitled to have defendants install an elevator to afford plaintiff with access to her basement. The ability to access the fuse box, hot water heater, water/sewer valves and furnace are basic functions necessary to be performed by all homeowners. Derebery v. Pitt County Fire Marshall,318 N.C. 192, 347 S.E.2d 814 (1986).
3. Defendants shall pay for the relocation of the washer-dryer to the basement, consistent with the plans drawn by Mr. Thomas.
4. Plaintiff is not entitled to have the defendants pay to replace the electric stove top with a gas stove top. The electric top can be incorporated in the kitchen island based upon Mr. Thomas' plan. However, if plaintiff wishes to purchase a gas stove top and the line work at her own expenses, she may have the defendants install the gas stove top as part of the overall renovations.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall reimburse the plaintiff for the $660.41 in expenses incurred for the plumbing work she contracted for in April of 1995 which was necessitated by the delay in gaining other renovations to her home.
2. Defendants shall provide all renovations as set forth in the proposal from C. R. Thomas Construction Company, Inc., including installing an elevator to provide access to the basement and returning the washer-dryer to the basement.
3. Defendants shall bear the costs.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER